IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-930 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Elver Diaz-Vega, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three claims of ineffective assistance of trial and appellate counsel. In response to Defendant's motion, the Government filed a motion for summary judgment, together with the affidavits of counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. On May 21, 2013, Defendant filed a response to the Government's motion.

The court has examined the entire record. For the reasons stated in the Government's response, which this court finds to be correct and adopts as its findings, the court finds that the Government is entitled to summary judgment.[1]

Accordingly, the court **grants** the Government's motion for summary judgment and denies Defendant's motion for relief under 28 U.S.C. § 2255 with prejudice.

---

[1] Defendant asserts in his First and Second Grounds for Relief that appellate counsel was ineffective in failing to raise a claim of ineffective assistance of *trial* counsel on appeal. However, claims of ineffective assistance of counsel are not cognizable on direct appeal unless the record conclusively establishes ineffective assistance. *See United States v. Baldovinos*, 434 F.3d 233, 239 (4th Cir. 2006); *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999). Rather, to allow for adequate development of the record, claims of ineffective assistance generally should be brought in a § 2255 motion, as Defendant has done. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Accordingly, as the record does not establish, conclusively or otherwise, that trial counsel was ineffective, appellate counsel was not ineffective in failing to raise the claim on direct appeal.

CERTIFICATE OF APPEALABILITY

The governing law provides that:

(c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.

(c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                              s/ Cameron McGowan Currie
                                              CAMERON MCGOWAN CURRIE
                                              UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
May 23, 2013