IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, | CRIMINAL NO. 3:09-930 (CMC) |
| v. | **OPINION and ORDER** |
| Keyon Carrie, | |
| Defendant. | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 18 U.S.C. § 3582(c)(2). ECF No. 435. Defendant maintains he is entitled to relief pursuant to Amendment 599 to the federal sentencing guidelines. Defendant also argues that this court erred at sentencing in finding that he is a career offender under U.S.S.G. § 4B1.2.

Defendant's motion fails for several reasons, the least of which is that Amendment 599 to the guidelines has absolutely no relevance to Defendant's sentence. Defendant's conviction and sentence were based upon his involvement in a drug distribution conspiracy, not 18 U.S.C. § 924(c).

Accordingly, to the extent this is a properly filed motion for relief under § 3582(c)(2), it is **denied**.

Defendant's motion challenges claimed infirmity in Defendant's sentence based on alleged errors committed at sentencing. Accordingly, Defendant's motion is, in reality, a motion for relief under 28 U.S.C. § 2255. "[A] motion directly attacking the prisoner's conviction or sentence will usually amount to" a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 207 (4th Cir. 2003).

If this court construes this motion as one for relief under § 2255, Defendant should be given the opportunity to either withdraw this motion, or amend it to include all grounds he wishes to raise in a § 2255 motion, as several consequences result from the filing and consideration on the merits

1

of a § 2255 motion. *Castro v. United States*, 540 U.S. 375, 377 (2003).[1]

Because these limitations affect future filings by Defendant if this court proceeds with the presently-filed motion as one for relief under § 2255, the court notifies Defendant of its intent to construe the motion filed October 2, 2013, as a motion for relief under § 2255. Defendant shall either move to withdraw the motion <u>if he so chooses</u>, or amend it to include all the grounds for relief he wishes to pursue by **Friday, October 18, 2013**.[2]

---

[1]The Anti-Terrorism and Effective Death Penalty Act (AEDPA) of 1996, Pub. L. No. 104-132, 110 Stat. 1214 (1996), placed specific restrictions on second or successive motions under 28 U.S.C. § 2255. Prior to filing a second or successive petition under § 2255, Defendant would be required to obtain certification by a panel of the Fourth Circuit Court of Appeals allowing him to file a second or successive petition. As provided in 28 U.S.C. § 2244, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Therefore, any subsequent motion by Defendant would be barred absent this permission to file.

[2]The court takes no position at this time as to the timeliness of a motion for relief under 28 U.S.C. § 2255. Title 28 U.S.C. § 2255 contains a one-year statute of limitations on motions for relief under § 2255. The limitation period runs from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C § 2255(f). Therefore, unless subject to a statutory exception, a motion for relief under § 2255 must be filed within one year of a conviction becoming final. Because Defendant did not appeal his conviction or sentence, his conviction became final on March 3, 2010, the date his Judgment Order was entered onto the docket of this matter. *See United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001).

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON McGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
October 4, 2013

---