IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| United States of America, ) | CRIMINAL NO. 3:09-930 (CMC) |
| ) | |
| v. ) | **OPINION and ORDER** |
| ) | |
| Martin Mendez, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

Defendant, proceeding *pro se*, seeks relief in this court pursuant to 28 U.S.C. § 2255. Defendant raises three claims of ineffective assistance of trial counsel. In response to Defendant's motion, the Government filed a motion for summary judgment, together with an affidavit of counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. On January 10, 2014, 2013, Defendant filed a response to the Government's motion.

Defendant contends he received ineffective assistance of counsel in the following instances: in allegedly failing to properly advise him of his incarceration exposure if he pleaded guilty versus proceeding to trial; in allegedly failing to object to the Government's filing of an Information pursuant to 21 U.S.C. § 851 as "vindictive"; and in failing to challenge the use of his prior conviction as the basis of the § 851 information because that conviction was allegedly constitutionally infirm.

The court has reviewed the entire record of this matter relating to Defendant's allegations. For the reasons noted by the Government, with which the court agrees and adopts as its findings,[1]

---

[1]Defendant argues in opposition to the Government's dispositive motion that there is nothing which would have prevented Defendant from entering a guilty plea at his arraignment on October 20, 2009. However, the court notes that Defendant appeared at the arraignment without counsel,

1

the court finds the Government is entitled to summary judgment.

Accordingly, the court **grants** the Government's motion for summary judgment and denies Defendant's motion for relief under 28 U.S.C. § 2255 with prejudice.

### CERTIFICATE OF APPEALABILITY

The governing law provides that:

> (c)(2) A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.
>
> (c)(3) The certificate of appealability . . . shall indicate which specific issue or issues satisfy the showing required by paragraph (2).

28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims is debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003); *Slack v. McDaniel,* 529 U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, a certificate of appealability is **denied**.

**IT IS SO ORDERED.**

                                                s/ Cameron McGowan Currie
                                                CAMERON MCGOWAN CURRIE
                                                SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
January 14, 2014

---

and the order appointing counsel for Defendant under the Criminal Justice Act was not entered until after Defendant's arraignment. No court would allow Defendant to enter a guilty plea to several offenses the most serious of which, even absent the filing of the § 851 Information, provided for a mandatory minimum sentence of ten years' imprisonment without providing Defendant an opportunity to consult with counsel.