IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| United States of America, | ) | CRIMINAL NO. 3:09-930 (CMC) |
|---|---|---|
| v. | ) | **OPINION and ORDER** |
| Martin Mendez, | ) | |
| Defendant. | ) | |

Defendant, proceeding *pro se*, sought relief in this court pursuant to 28 U.S.C. § 2255. Defendant raised three claims of ineffective assistance of trial counsel. In response to Defendant's motion, the Government filed a motion for summary judgment, together with an affidavit of counsel. Pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the court advised Defendant of the summary judgment procedure and the consequences if he failed to respond. On January 10, 2014, Defendant filed a response to the Government's motion.

On January 14, 2014, the court granted the Government's motion for summary judgment and denied Defendant a certificate of appealability. *See* Opinion & Order (ECF No. 450).

On January 21, 2014, the Clerk of Court received a "Sworn Affidavit of Martin Mendez." ECF No. 453. In this affidavit, Defendant presents several averments in support of his motion for relief under 28 U.S.C. § 2255. On January 31, 2014, the court entered an additional order affirming its earlier ruling. *See* Opinion & Order (ECF No. 454).

Defendant now files a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). The Fourth Circuit Court of Appeals has interpreted Rule 59(e) of the Federal Rules of Civil Procedure to allow the court to alter or amend an earlier judgment: "'(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3)

1

to correct a clear error of law or prevent manifest injustice.'" *Becker v. Westinghouse Savannah River Co.*, 305 F.3d 284, 290 (4th Cir. 2002) (quoting *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998)). "Whatever may be the purpose of Rule 59(e) it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625 (S.D. Miss. 1990).

Defendant's motion is an attempt by an "unhappy litigant [to get] one additional chance to sway the judge." *Id*. The arguments contained in the motion were either presented in his motion for relief under 28 U.S.C. § 2255, or are without merit.[1]

Defendant's motion for reconsideration is **denied**.

**IT IS SO ORDERED**.

s/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
SENIOR UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
February 19, 2014

---

[1] Defendant cites several cases for the proposition that he could have entered a guilty plea at arraignment. *See* Mot. at 2-3 (ECF No. 456). At the time of his arraignment, Defendant was not represented by counsel. Moreover, Defendant's arraignment was conducted by a United States Magistrate Judge. While a United States Magistrate Judge has the authority to conduct a Rule 11 hearing in a felony case, *see United States v. Benton*, 523 F.3d 424, 431 (4th Cir. 2008), this only occurs when the matter is referred to the Magistrate Judge by an Article III court and with the parties' consent. There was no referral by this court to the United States Magistrate Judge to conduct a Rule 11 hearing, nor does this court refer Rule 11 proceedings to United States Magistrate Judges. Therefore, Defendant would not have been able to enter a guilty plea at his arraignment.

2